IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DELMORE TOLBERT,

        Plaintiff,        Case No.

v.        Judge
        Magistrate Judge
TALIAFARO, INC.
        JURY DEMAND
        Defendant.
_____/

## COMPLAINT

Defendant Taliafaro, Inc., ("Taliafaro") violated the ADAAA and when it discriminated against Plaintiff Delmore Tolbert ("Mr. Tolbert") by failing to engage in an interactive conversation and failing to accommodate him due to his disability. Taliafaro subsequently retaliated against Mr. Tolbert for requesting accommodation and terminated his employment. Taliafaro also interfered with Mr. Tolbert's right to leave pursuant to the Family and Medical Leave Act when it failed to provide him a notice of his FMLA rights and statutory leave availability and then retaliated against him for requesting time off. Thus, Mr. Tolbert brings claims of discrimination and retaliation under the Americans with Disabilities Act, discrimination under the Tennessee Disability Act, and claims of interference and retaliation under the Family and Medical Leave Act.

### PARTIES

1.     Plaintiff, Delmore Tolbert, ("Plaintiff" or "Mr. Tolbert") is a citizen and resident of Madison, Davidson County, Tennessee, and a former employee of Defendant. Plaintiff worked at Defendant's Nashville, Tennessee location.

2.     Defendant Taliafaro, Inc. is a Tennessee for-profit corporation. Its registered agent for service of process is Thomas Tate, 1 Vantage Way, Suite C250, Nashville, TN 37228-1534.

1

3. At all material times, Defendant has been an employer as defined by the ADAAA, 42 U.S.C. § 12111.

4. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(g) and (h)(1).

5. At all material times, Defendant has been an employer as defined by the Tennessee Disabilities Act, T.C.A. § 8-50-103 ("TDA").

6. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the previous years and is an "employer" as defined by the FMLA, 29 U.S.C. § 2601.

## JURISDICTION AND VENUE

7. This is an action for unlawful employment practices brought under the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") (Counts I - II) the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Counts III), and the Family and Medical Leave Act 29 U.S.C. § 2601 (Count IV).

8. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

9. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued Plaintiff a Notice of Right to Sue for the charge and this action was commenced within 90 days of receipt of Notice of Right to Sue.

## FACTS

10. Plaintiff, Delmore Tolbert, was employed by Defendant from March 26, 2018, until

his termination on February 3, 2021.

11. Mr. Tolbert is a qualified individual with a disability under 29 C.F.R. §1630.2(h)(1). In particular, he has a disorder affecting his lumbar and cervical spine which affects major life activities of walking, caring for oneself and working. His disability affects the major bodily systems of the muscular, skeletal and neurological systems. Moreover, Taliafaro regarded him as disabled.

12. Defendant Taliafaro is a nationwide property management firm headquartered in Nashville, Tennessee. Taliafaro offers multi-family property management and specializes in the management of subsidized housing and properties for the elderly and physically challenged. Taliafaro contracts with the U.S. Department of Housing and Urban Development under its various housing assistance programs.

13. Defendant employs more than 50 employees in a 75-mile radius.

14. Mr. Tolbert was employed as a maintenance employee and reported to Site Manager, Darrell Hodge.

15. Mr. Tolbert is a United States military veteran and was receiving medical treatment at the VA Hospital.

16. In or around November 2020, Mr. Tolbert informed his supervisor, Mr. Hodge, that he was suffering from severe back pain, was under the care of a physician, and was being evaluated for a back procedure which would likely take place in January 2021.

17. Closer to the date, Mr. Tolbert informed Mr. Hodge that his procedure was scheduled for January 28, 2021.

18. On Thursday, January 28, 2021, Mr. Tolbert underwent a procedure for his back and his doctor excused him from work the next day.

19. Mr. Tolbert submitted the documentation from his doctor, including his excuse from work.

20. Following the procedure, Mr. Tolbert's doctor prescribed pain medication which caused drowsiness.

21. On Monday, February 1, 2021, Mr. Tolbert was experiencing extreme pain, so he took his prescribed pain medication. The medication caused him to fall asleep, and he did not wake up until after the workday was over. As such, he was unable to contact his employer to call out of work that day.

22. On Tuesday, February 2, 2021, Mr. Tolbert appeared for work but was still experiencing extreme pain. He called the doctor's office and was directed to report to the Veterans Administration Emergency Department.

23. Mr. Tolbert informed Mr. Hodge, and the other managers present in the office, that he was experiencing extreme pain and was going to the Emergency Room immediately. Mr. Tolbert apologized to Mr. Hodge for not calling in the day before but explained that he was having extreme pain from the procedure. Mr. Hodge gave him permission to leave work and seek emergency treatment and did not state that he would receive any discipline for missing work the day before.

24. Mr. Tolbert received treatment at the VA Emergency Room and was discharged and released to return to work the next day.

25. On Wednesday, February 3, 2021, Mr. Tolbert arrived for work and was informed that he was terminated for poor attendance due to missing work on Monday, February 1, 2021.

26. Mr. Tolbert had not received any previous write-ups or warnings about attendance. Other, non-disabled employees occasionally missed work with and without notice and were not

disciplined or terminated.

27. Defendant was aware that Mr. Tolbert had a serious health condition, and it did not provide him notice of his rights pursuant to the Family and Medical Leave Act. It denied him leave for his serious health condition and retaliated against him when he took time off work due to his serious health condition.

28. Defendant was aware that Mr. Tolbert was a qualified individual with a disability. It failed and refused to engage in an interactive process with him to determine whether his disability could be accommodated.

29. Defendant discriminated against Mr. Tolbert under the Americans with Disabilities Act and the Tennessee Disabilities Act and retaliated against him for engaging in protected activity, *i.e.*, requesting an accommodation.

## Count I
## Violation of ADA/ADAAA- Disability Discrimination

30. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

31. Pursuant to the ADAAA, an individual is considered to have a disability if he has a physical impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such impairment.

32. Plaintiff had a disability that affected his muscular, skeletal and neurological systems, and was an impairment that substantially limited him in one or more major life activities, including standing, sitting, walking, and caring for himself.

33. Plaintiff was a qualified individual with a disability because he could perform the functions of his job with accommodation.

34. Plaintiff could perform the essential functions of his job. Plaintiff made a request for reasonable accommodation, including, but not limited to, time off from work for medical treatment.

35. Defendant did not engage in an interactive process with him to discuss accommodation request for time off to attend medical appointments or care for his disability.

36. Plaintiff was discriminated and retaliated against and eventually terminated because of his disability and request for a reasonable accommodation.

37. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

38. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### Count II
### Violation of ADAAA- Retaliation

39. Plaintiff restates and incorporates herein the foregoing paragraphs.

40. It is federal public policy and law under the Americans with Disabilities Act that employees must be able to exercise their rights without fear of reprisal or penalty from an employer.

41. Plaintiff engaged in protected activity under the ADA when he requested an accommodation of time off work. Such actions by the Plaintiff are statutorily protected activities under ADAAA.

42. Defendant retaliated against Plaintiff by terminating his employment for exercising his rights under the ADAAA, *i.e.*, requesting an accommodation.

43. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

### Count III
### Violation of TDA- Disability Discrimination

44. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

45. Pursuant to the TDA, an individual is considered to have a disability if he or she has a physical or mental impairment that substantially limits one or more major life activities.

46. Plaintiff was a qualified individual with a disability and/or regarded as disabled.

47. Defendant discriminated against Plaintiff on the basis of his disability in violation of the TDA that culminated in his termination.

48. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

49. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### Count IV
### Violation of FMLA

50. Plaintiff restates and incorporates herein the foregoing paragraphs.

51. Defendant retaliated against Plaintiff for taking FMLA protected leave.

52. Defendant interfered with Plaintiff's FMLA rights.

53. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

54. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

55. Plaintiff was entitled to receive FMLA leave to care for his own serious health condition.

56. Defendant subjected Plaintiff to disparate terms and conditions of employment after he requested and took FMLA, including but not limited to creating a hostile work environment by continually requesting him to return from light duty to full duty and retaliating against him after he requested and took FMLA leave by terminating him for a pretextual reason.

57. Defendant's actions constitute interference and/or retaliation violations of the FMLA.

58. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

59. Defendant's conduct harmed and caused damage to Plaintiff.

60. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits, insurance and reimbursement for medical costs due to the loss of his insurance;

3. Reinstatement and/or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Liquidated damages;

6. Punitive damages;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled under the ADAAA, the TDA, FMLA and any other statutory or common law.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Ashley Shoemaker Walter BPR# 037651
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*